# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 13, 2020

* * * * * * * * * * * * *
TAMMY S. GOLD,                  *        UNPUBLISHED
                                 *
        Petitioner,           *        No. 18-1445V
                                 *        Special Master Roth
v.                             *
                                 *        Attorneys' Fees and Costs
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
                                 *
        Respondent.        *
* * * * * * * * * * * * *

Daniel C. McKitrick, Dublin, OH, for Petitioner.
Ida Nassar, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 21, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 7, 2016, she suffered Guillain-Barré syndrome ("GBS"). *See* Petition (ECF No. 1). On September 24, 2019, Petitioner filed a notice of voluntary dismissal pursuant to Vaccine Rule 21(a), and the undersigned issued her order concluding proceedings on October 2, 2019.

On January 27, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys in the total amount of $12,005.24, representing $10,866.50 in attorneys' fees and $1,138.74 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. (ECF No. 30). Respondent reacted to the fees motion on February 10, 2020, stating that "Respondent is satisfied

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 32). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## I. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, the undersigned does not doubt that the claim was filed in good faith. Additionally, the undersigned finds that the claim possessed reasonable basis. Respondent also has not challenged the reasonable basis of the petition. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

The undersigned has reviewed the submitted billing statement and finds that the overall amount requested for attorneys' fees is reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $10,866.50.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,138.74. This amount is comprised of acquiring medical records and the Court's filing fee. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

## II. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned finds that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $10,866.50 |
|---|---|

| | |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$10,866.50** |
| | |
| Attorneys' Costs Requested | $1,138.74 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,138.74** |
| | |
| **Total Attorneys' Fees and Costs** | **$12,005.24** |

**Accordingly, the undersigned awards a lump sum in the amount of $12,005.24, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Daniel C. McKitrick.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s **Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).